**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4414-16T2
                A-4416-16T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

S.W. and R.D.,

    Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF A.D., a Minor.

_____

Submitted May 29, 2018 — Decided July 31, 2018

Before Judges Accurso, O'Connor and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0045-16.

Joseph E. Krakora, Public Defender, attorney for appellant S.W. (Deric D. Wu, Assistant Deputy Public Defender, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant R.D. (Britt J. Salmon-Dhawan, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Todd S. Wilson, Designated Counsel, on the brief).

PER CURIAM

S.W. and R.D. are the biological parents of A.D., who was born in December 2014. In February 2016, the New Jersey Division of Child Protection and Permanency (the Division) filed a guardianship complaint naming S.W. and R.D. as defendants. During a seven-day trial, Judge William R. DeLorenzo, Jr., heard testimony from four witnesses presented by the Division, and S.W. The judge issued a detailed written opinion supporting his entry of a judgment terminating defendants' parental rights and awarding the Division guardianship of A.D. Defendants filed separate appeals that were calendared back-to-back, and which we have consolidated for purposes of this opinion.

S.W. presents the following arguments for our consideration:

POINT I

The Theory Advanced by DCPP and Its Experts that S.W. Was in Denial About Her Need for Services is Contradicted by the Record[.]

POINT II

The Court's Reliance on S.W.'s Previous Arrests and Expert Opinions About S.W.'s "Aggressive Attitude" Constituted the Use of Propensity Evidence to Infer a Risk of Harm[.]

POINT III

Dr. Dyer's Opinions Were Largely Unsupported by the Record or Even His Observations[.]

POINT IV

Termination of Parental Rights Will Do More Harm Than Good Because the Harm Articulated in the Decision was Speculative While the Bond Between A.D. and Her Mother Was Well Documented[.]

R.D. offers the following arguments:

LEGAL ARGUMENT

THE JUDGMENT OF GUARDIANSHIP SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED IN FINDING THAT THREE OF THE FOUR PRONGS OF THE N.J.S.A. 30:4C-15.1(a) BEST INTERESTS TEST FOR THE TERMINATION OF R.D.'S PARENTAL RIGHTS HAD BEEN MET BY CLEAR AND CONVINCING EVIDENCE[.]

POINT I

THE TRIAL COURT ERRED IN FINDING THAT THE DIVISION SATISFIED THE FIRST PRONG OF THE BEST INTERESTS TEST BECAUSE THE DIVISION DID NOT PROVE THAT R.D.'S PARENTAL RELATIONSHIP HARMED A.D. OR PUT HER AT CONTINUING RISK OF HARM[.]

POINT II

THE TRIAL COURT'S RULING ON THE SECOND PRONG SHOULD BE REVERSED BECAUSE IT WAS BASED ON THE SAME FINDINGS AND LEGAL CONCLUSIONS AS THE UNFOUNDED FIRST-PRONG RULING, AND BECAUSE IN

3

ADDITION THE TRIAL COURT ERRONEOUSLY DECIDED
THAT IT WAS FORESEEABLE THAT R.D. WAS UNABLE
OR UNWILLING TO OVERCOME POTENTIAL HARM TO
A.D.

POINT III

R.D. IS ENTITLED TO A REVERSAL BECAUSE THE
EVIDENCE WHICH WAS PRESENTED DID NOT SUPPORT
A FINDING THAT TERMINATION OF PARENTAL RIGHTS
WOULD NOT DO MORE HARM THAN GOOD[.]

Our review of a trial court order terminating parental rights is limited. N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 595, 605 (2007). "A Family Part's decision to terminate parental rights will not be disturbed when there is substantial credible evidence in the record to support the court's findings." N.J. Div. of Child Prot. & Permanency v. K.T.D., 439 N.J. Super. 363, 368 (App. Div. 2015) (citing N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012)). "We accord deference to factfindings of the family court because it has the superior ability to gauge the credibility of the witnesses who testify before it and because it possesses special expertise in matters related to the family." F.M., 211 N.J. at 448 (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). This enhanced deference is particularly appropriate where the court's findings are founded upon the credibility of the witnesses' testimony. N.J. Div. of Youth & Family Servs. v. H.B., 375 N.J. Super. 148, 172 (App. Div.

2005) (citing <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974)).

"Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." <u>N.J. Div. of Youth & Family Servs. v. E.P.</u>, 196 N.J. 88, 104 (2008) (quoting <u>G.L.</u>, 191 N.J. at 605). No deference is given to the trial court's "interpretation of the law," which we review de novo. <u>D.W. v. R.W.</u>, 212 N.J. 232, 245-46 (2012) (citing <u>N.J. Div. of Youth & Family Servs. v. I.S.</u>, 202 N.J. 145, 183 (2010); <u>Balsamides v. Protameen Chems.</u>, 160 N.J. 352, 372 (1999)).

As Judge DeLorenzo correctly recognized, a parent has a constitutionally protected right "to enjoy a relationship with his or her child." <u>In re Guardianship of K.H.O.</u>, 161 N.J. 337, 346 (1999). That right, however, "is not absolute," and is limited "by the State's <u>parens patriae</u> responsibility to protect children whose vulnerable lives or psychological well-being may have been harmed or may be seriously endangered by a neglectful or abusive parent." <u>F.M.</u>, 211 N.J. at 447 (citing <u>E.P.</u>, 196 N.J. at 102). A parent's interest must, at times, yield to the State's obligation to protect children from harm. <u>N.J. Div. of Youth & Family Servs. v. G.M.</u>, 198 N.J. 382, 397 (2009).

When terminating parental rights, the court must consider the "best interests of the child." K.H.O., 161 N.J. at 347. The Division's petition to terminate parental rights may only be granted if the following four prongs enumerated in N.J.S.A. 30:4C-15.1(a) are established by clear and convincing evidence:

> (1) The child's safety, health, or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause serious and enduring emotional or psychological harm to the child;
>
> (3) The division has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and
>
> (4) Termination of parental rights will not do more harm than good.
>
> [N.J.S.A. 30:4C-15.1(a).]

"The four criteria enumerated in the best interests standard are not discrete and separate; they relate to and overlap with one another to provide a comprehensive standard that identifies a child's best interests." K.H.O., 161 N.J. at 348. "[T]he cornerstone of the inquiry [under N.J.S.A. 30:4C-15.1(a)] is not

whether the biological parents are fit but whether they can cease causing their child harm." In re Guardianship of J.C., 129 N.J. 1, 10 (1992) (citing N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591, 607 (1986)).

S.W. argues there is insufficient evidence supporting the court's findings on the second, third and fourth prongs of the best interests standard. R.D. contends there is insufficient evidence supporting the court's determination on each prong. We are not persuaded. Based on our review of the record, we are convinced Judge DeLorenzo conducted the required fact-sensitive analysis of the statutory factors as applied to each defendant, see K.H.O., 161 N.J. at 348, and his findings are adequately supported by substantial credible evidence in the record, see F.M., 211 N.J. at 448. We affirm substantially for the reasons set forth in his well-reasoned 111-page written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4414-16T2